E. GRADY JOLLY, Circuit Judge,
specially concurring:
My concurrence in the result that this first-rate legal opinion reaches is one for which I apologize. Contrary, however, to the panel’s view of Niland through rose-colored glasses, we should emphasize the real facts of this case and fully recognize the deplorability of the several frauds that he has perpetrated on several people and acknowledge the grave injustice that is done Deason.
Instead of this case being the “classic example” (opinion at 18) of the Texas law protecting a helpless, distraught but honest borrower against an overreaching lender, this case is the classic example of Charles Dickens’ Mr. Bumble’s view of the law.* Here one who has willfully perpetrated several frauds caps his spree of frauds by sticking a thoroughly innocent would-be homeowner to the tune of $320,000. It is terribly unfair for the panel to suggest that Deason has unclean hands when his only “fault” is to attempt to obtain a home at the best purchase price he could secure. Since when did the motive of securing the best price for any item become blameworthy conduct? Indeed, this motive has always been a basic factor in consumer economics.
Finally, I simply note that in the prior panel opinion, we tried to distinguish this case from the long line of Texas cases that protect homesteaders who perpetrate frauds on creditors, while recognizing that the rule generally serves the laudable purpose of protecting genuinely helpless homeowners against overreaching creditors. I am still completely convinced that as a practical matter Niland has received the simultaneous benefit of two homestead exemptions, which was the distinction we tried to draw between this and other Texas cases. I have, however, been persuaded by the petitions for rehearing that under close legal analysis, the earlier panel opinion will not fly under Texas skies. I therefore *817 generally concur in the legal conclusions reached in the opinion on rehearing, but do so with the unmistakable sense that in this case the law has operated to create a grave injustice to an individual litigant.

 "If the law supposes that,” said Mr. Bumble, ... "the law is a ass — a idiot.” Charles Dickens, Oliver Twist, ch. 51.